**No. 56773.**—L. Greenberg & Son, Inc. *v.* United States, protest 173384–K (New York).

Opinion by JOHNSON, J. From the testimony it appeared that case 154 was ordered to public stores for regular examination and that only 60 dozen toy dogs were found in said case, although the invoice indicated that 600 dozen were to have been contained in each of the three cases involved. The importer advised the collector that only 60 dozen were found in each of the unexamined cases, thus making a total of 180 dozen received and 420 dozen short. It was stipulated that public store case 154 actually contained 60 dozen, rather than 200 dozen, as invoiced, and that it was full and intact. It was further agreed that the three cases were landed and delivered to the importer in good order. A claim was filed with the shipper of the merchandise and an allowance for the merchandise not shipped was received, together with a corrected invoice (exhibit 1). From the evidence presented, it was held that only 60 dozen toy dogs were imported in each of the three cases in question, rather than the invoiced quantity of 200 dozen. The claim of the plaintiff was sustained to this extent.

**No. 56774.**—French Italian Wine Company *v.* United States, protest 182303–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested not found were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protest was sustained to this extent.